We'll hear the next case, which is United States v. Quintanilla-Gonzalez. Good morning. My name is Vicki Marolke-Pannon. I'm here on behalf of Alonzo Quintanilla-Gonzalez. Since the district court ruled on the motion to dismiss the indictment, there have been numerous cases that have come down that answered many of the court's decisions, and it is our opinion that the matter should be, the indictment should have been dismissed. I don't think there's any disagreement. I think we all agree that the first initial deportation that occurred in 2001 was invalid. I think the only question that remains is what is the effect of the subsequent administrative removal and also the subsequent expedited removal. And also the 2003 aggravated felony. Correct. I mean, that really changes the circumstances, doesn't it? It may or may not. Now, first of all, the question is, was that proceeding? I believe that's the government's argument, that even if Mr. Quintanilla-Gonzalez, if the second administrative procedure was erroneous because he should have had an LPR status, that in that particular case, then because of the 273.5, then no harm, no foul. The immigration judge would have deported him and everything would be okay. The problem is, if you look at the recent case of Banuelos-Aon, that case says that the crime, the 237.5 felony, is categorically a crime of violence. And we agree with that. However, if you look at the footnote in that particular case, it also notices that that particular felony in California is a wobbler. And in this case, it was a wobbler. And what determines a wobbler is a case that can be either a felony or a misdemeanor, depending on how the person is sentenced in that particular case. Here, Mr. Quintanilla-Gonzalez was sentenced to 36 months probation and 60 days in jail. Under California Penal Code Section 16B, that's a misdemeanor. So it still doesn't, even though it's a crime of violence, it still does not qualify as an aggravated felony. So Mr. Gonzalez would have an opportunity to address that particular issue in this case. So that basically, but I don't think you even get to that particular issue. If he is convicted in 2003 of what is indisputably a crime of violence, at that point in time, he's not eligible for any relief in terms of when he then has expedited removal. I mean, doesn't that just so fundamentally change the equation that all that has come before, even granting your conclusion that the earlier deportation was flawed, it is harmless error in the sense that at that point he's not eligible for any kind of further relief. My understanding is that it has to be an aggravated felony. And I may be wrong on that, but my understanding is it has to be an aggravated felony. And in this particular case, an aggravated felony is a crime of violence, which is a felony. In this particular case, I believe it is a misdemeanor, and therefore it does not rise to the level of being an aggravated felony that would subject him to the same deportation without cancellation of removal procedures. I'm not, I don't, I didn't bother, I didn't research anything on whether a crime of violence is a misdemeanor, has any effect, but that was my understanding that it has to be an aggravated felony. And it has to be, so it has to be a felony. I didn't get to that position because it is my belief, and I think it sort of bears out in the recent case of Arias Ordonez, that the underlying procedure, there's an underlying procedural problem here in the first place. And just because it might be that he could very well have been, have hypothetically been removed later on, that underlying procedure invalidated everything that came after that, because everything was built upon that building block, upon that foundation of the original deportation, which was invalid. Mr. Quintanilla Gonzalez was actually in LPR in 2006 when he was deported based on administrative deportation. Well, but aren't you asking us to speculate on what actually would have happened at that point had he sought relief on the earlier deportation? We don't know what the result would have been. You're saying it's a foregone conclusion. Had he maintained his LPR status, he would not have been deported. And can we, we don't know one way or the other, do we? We don't know. You mean in 2006 or 2001? 2001. 2001, we don't know. But he would have at least had the plausible grounds available to have presented those to the IJA. He, in fact, had already presented those forms, and then the government recharged him with what they believed to be an aggravated felony. So that raised that issue. So we don't know. But I don't think it's for us to speculate in my direction or your direction. It's, the point is that the procedure was flawed. It was invalid. The original procedure was invalid. The judge, the district court judge said it was invalid. So now the question relates to the subsequent administrative removals. And I don't think that we can, none of us can speculate what would have happened. It very well may be, but we cannot speculate as to what would have happened if he had had all the procedures in place that go with having an immigration judge and judicial proceeding as opposed to administrative proceeding. We know he was convicted of subsequent crimes. Excuse me? Don't we know he was convicted of subsequent crimes? Many. He's got a lot of drug and alcohol-related convictions. Very few of them actually have related to prison except for when he violates parole. So, yes, he does have several other crimes. But I guess you can't say, and I know there are cases that say that you can't just, just because somebody could potentially have a problem, that you can assume that they have, that they're going to be deported or that they're not going to have cancellation of withholding. We don't know what would have happened if things had changed in 2001 when he was deported. Judge Gould, with a question for you. In your briefing, did you take the position that the 2003 crime of violence conviction was not a felony because of wobbler status? Or is that a point you're just raising in argument? I did not take that position in briefing. The position we took in briefing was that it was, you could not have that, even reach that issue because the underlying administrative removal, there was no jurisdiction for it because he was an LPR. Okay, but if we reject, if we address your briefing position on the grounds of was there a harmless error, do we have to view that 2003 conviction as a felony because the wobbler idea wasn't raised in the briefs? I would not have, I did not, the original case that was raised was raised in the reply brief. I did not brief it as a, in my, I did not brief it in the reply brief. It was raised in the answering brief of the government. But I did not raise it as my primary issue because my primary issue in the opening brief was the jurisdictional issue of whether there was even any ground, any basis upon which they could have the administrative removal. I don't know that there is a waiver because of that, but I do believe that that's what the status is, that there's no jurisdiction. And this is simply a means to say whether there's possible prejudice. Nothing further? Thank you. We'll hear from the government. Good morning. May it please the Court. Robert Healy on behalf of the United States. In this case, the district court correctly found that there were three orders of removal, each of which could serve as an independent sufficient basis for 1326 prosecution. Those, of course, are the January 2006 administrative removal and the February and April 2006 expedited removals. Now, as Judge Seaborg pointed out, as of January 2006, defendant was an aggravated felon and there was no relief available to him. And even if, at that point in time, he had been a lawful permanent resident, it would still remain the case that there was no relief available to him. If he had not been- Counsel, my question is, is he an aggravated felon if petitioner is right that the 2003 conviction was for a wobbler and it was sentenced as a misdemeanor? Your Honor, it is a wobbler. As a preliminary matter, that issue has been waived because it wasn't raised below or in the briefs. But in January 2004, defendant's probation was revoked on that conviction. And he was sentenced to two years in prison. So the judgment and commitment order for the PC 273.5, which is at page 194 of the excerpts of record, reflects a two-year prison sentence for that offense. So, wobbler or not, it was a felony, an aggravated felony. And on that basis, he was not entitled to any relief in January 2006. Unless the Court has further questions, we'd submit on the brief. Let me ask just to clarify on the earlier 2001 period. You don't dispute that the determination that burglary was a crime of violence was an error. Is that correct? That the disposal battery was a crime of violence, we do not dispute that that was an error. Okay. Under California Appeal Code 242, I think, or 243. Correct. Okay. Jumping ahead to the expedited removals in the Barajas-Alvarado decision. Is it your view or your position that expedited removal can always be a basis for a prior deportation on a 1326 case? Or is there anything in the Barajas-Alvarado case that provides some caution on using expedited removals as a predicate for 1326? Your Honor, as we read Barajas-Alvarado, an expedited removal is a perfectly appropriate basis for a 1326 prosecution. In an earlier opinion of this Court, an unpublished opinion, Suvia Reyes had reached the same holding. There is some discussion, though, in that case that there has to be some meaningful judicial review associated with the expedited removal for it to be used in that fashion, isn't there? I think the language in the case was something about, well, some meaningful review of the proceeding in order for you to use that as a predicate. Yes, Your Honor. Why do we, you do rely on the 2006 expedited removals. I know there's also the administrative removal. Why are these satisfactory predicates under Barajas? Under Barajas, the meaningful review that this Court would undertake would be determined, to determine, first, was there a due process violation? And second, if there were, was there prejudice? And because there's no prejudice in this case, the Court may look no further. However, looking at the expedited reviews, Mr. Quintanilla satisfied the statutory predicates for expedited review. And on appeal, he hasn't identified any procedural error in those proceedings. He just maintains that he wasn't properly a lawful permanent resident at that point in time. Well, if, if there is a review of an expedited proceeding, and the expedited removal is based upon his having been removed earlier, and he can show some flaw in the earlier removal, then the expedited proceeding is not valid. Is that correct? I mean, isn't that the whole purpose of our holding the Jective Summary Review of the expedited? With regard to expedited removals, Your Honor, we think this case is different from Arias or Donius, because the expedited removal does not relate back, refer to, or reinstate any prior proceeding. Okay. It doesn't, this could be his first removal. It doesn't require him to help. It's expedited in the sense of what? It's expedited in the sense that at 8 U.S.C. 1225, Congress has specified a certain set of streamlined procedures, typically for aliens who are applying for admission and who don't have entry documents or who present false entry documents. In these situations, Congress has said, instead of taking this individual for an IJ hearing, you can follow these streamlined set of procedures to enter an order of removal. So it doesn't, an expedited removal doesn't rely on somebody's status as an aggravated felon or a previously deported alien. And, indeed, in the expedited removals in this case, the record does reflect that Mr. Quintanilla did falsely represent that he was a citizen and made some false statements in conjunction with that process. That's correct, Your Honor. So in this case, this is sort of tantamount to what used to be an exclusion? I don't know the answer, but I imagine so, Your Honor. Those of us who go way back remember those things. Okay. Any further questions? Thank you. Thank you. With regard to the expedited removals, once again, you can have an expedited removal with an LPR. So if he was an LPR, if he should have been an LPR, you still can have the expedited removal. My understanding is that basically takes place at the border with an administrative official, does the expedited removal, and sends him back across. But you don't have any problem with the actual process. Your argument rises or falls, as I understand it, on whether or not he was entitled to maintain an LPR status. Correct. As far as the ancillary argument that actually should have been brought in front of an immigration judge about the Wobbler status, whether or not he received two years in prison doesn't change the status. Once you're in the status of a misdemeanor, it's that for all purposes. But that's the ancillary issue. So our position is that there was no jurisdiction after the original. Do you have a case that says just what you just said, that once your sentence says a misdemeanor, that it doesn't matter if you lose your probation, go to jail for a couple of years, that it's still a misdemeanor? I've looked at the annotations.  It's not in this particular context of whether or not there's a revocation, but the annotations seem to indicate that regardless, it is a misdemeanor for all purposes. I certainly could brief that particular issue. There was a recent case of Garcia in which totally different circumstances, but where the court reiterated that at Wobbler, once a misdemeanor, it's always a misdemeanor for all purposes. I have the case sitting on my desk if you'd like me to grab it. I think it's up to Judge Schroeder who's presiding whether she wants to. I don't think that's necessary. All right. But let me make sure that I understand that your position with respect to the expedited removal is that because of your argument with respect to the original removal, that he should be regarded as having been an LPR at the time of the expedited removal, even though if anybody looked at the records, it would have shown that he had been removed before? Correct.  Thank you. Thank you. The matter just argued is submitted for decision.
judges: Seeborg, Schroeder, Gould